# In the United States Court of Federal Claims

No. 10-674 T

Filed: September 28, 2012

**NOT TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | \* |
| JOHN DACOSTA et al., | \* |
| | \* |
| Plaintiff, *pro se*, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**John DaCosta,** Miami, Florida, Plaintiff, *pro se*; **Jane Roberts**, Ashland City, Tennessee, Plaintiff, *pro se*; and **N.B. Salty Miller**, Wake Forest, North Carolina, Plaintiff, *pro se*.

**Joseph B. Syverson,** Attorney, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government. With him on the brief were John A. DiCicco, Principle Deputy Assistant Attorney General, Steven I. Frahm, Chief, Court of Federal Claims Section, and G. Robson Stewart, Assistant Chief.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge*.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY.[1]

In *DaCosta I*, the court granted the Government's Motion To Dismiss a November 19, 2007 Complaint filed by Plaintiffs John DaCosta and N.B. "Salty" Miller alleging entitlement to

---

[1] The relevant facts herein previously were discussed in: *DaCosta* v. *United States*, 82 Fed. Cl. 549 (2008) ("*DaCosta I*"); *DaCosta* v. *United States*, No. 09-CV-558, 2010 WL 537572 (Fed. Cl. Feb. 16, 2010) ("*DaCosta II*"), *aff'd per curiam*, 393 Fed. Appx. 712 (Fed. Cir. 2010) (nonprecedential); *DaCosta* v. *United States*, No. 10-115 T, 2010 WL 3260168 (Fed. Cl. Aug. 13, 2010) ("*DaCosta III*"), *aff'd per curiam*, 414 Fed. Appx. 301 (Fed. Cir. 2011) (nonprecedential); and *Miller* v. *United States*, No. 10-274 T, 2010 WL 3835025 (Fed. Cl. Sep. 28, 2010) ("*Miller*"); and as supplemented by Plaintiffs' October 6, 2010 Claim For Reward ("Compl.").

an informant's award, pursuant to 26 U.S.C.A. § 7623(b)(1) (West. Supp. 2008), a whistleblower statute that Congress delegated to the exclusive jurisdiction of the Tax Court after 2006. *See DaCosta I*, 82 Fed. Cl. at 558.

In *DaCosta II*, the court dismissed on jurisdictional grounds an August 24, 2009 Complaint that asserted several new legal theories, *i.e.*, breach of an implied-in-law contract, that the jurisdictional defects in *DaCosta I* were cured, tortious breach of contract, and breach of the duty of good faith and fair dealing. *See DaCosta II*, 2010 WL 537572 at *9. The United States Court of Appeals for the Federal Circuit affirmed *DaCosta II* in a *per curiam* decision. *See* 393 Fed. Appx. at 712.

In *Miller*, Mr. Miller, under the name "Howard Miller a k a N.B. Salty Miller," filed another Complaint raising the same claims that previously were litigated. The court dismissed this Complaint for lack of subject matter jurisdiction. 2010 WL 3835025 at *5. In addition, the court enjoined Mr. Miller from filing another complaint without first obtaining an order from a judge in the United States Court of Federal Claims. *Id.*

On October 6, 2010, Mr. DaCosta, Mr. Miller, and Jane Roberts ("Plaintiffs") filed a *pro se* Complaint in the United States Court of Federal Claims, alleging entitlement to a reward of "15% each of all tax deficiencies collected to date plus interest," based on an express contract with the IRS and "damages resulting from breaches of duty of good faith and fair dealing by the IRS." Attached to the Complaint was an April 1, 2005 Application For Reward For Original Information with the IRS. On December 20, 2011, the court received a Notice Of Death Of N.B. "Salty" Miller. On January 19, 2012, Plaintiffs filed a Motion to substitute Jane Roberts for the decedent, Mr. Miller, to allow Mr. DaCosta and Ms. Roberts to continue this case before the court.

Since Mr. Miller did not proffer an order allowing him to initiate another action in this court, he did not have standing to file the October 6, 2010 Complaint. In addition, for reasons previously discussed, Mr. DaCosta's renewed claims are barred by *res judicata*. *See Jet, Inc.* v. *Sewage Aeration Sys.*, 223 F.3d 1360, 1365-66 (Fed. Cir. 2000). Likewise, Ms. Roberts' claims are barred under the doctrine of issue preclusion, *i.e.*, "the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination, and such a judicial decision precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Aviation Software, Inc.* v. *United States*, 101 Fed. Cl. 656, 662 (Fed. Cl. 2011) (citing *Kremer* v. *United States*, 456 U.S. 461, 485 (1982) and *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 332-33 (1979)). The substantive legal relationships justifying preclusion are sometimes collectively referred to as "privity"; the term "privity," however, has also come to be used more broadly, as a way to express the conclusion that nonparty exclusion is appropriate on any ground. *See Taylor* v. *Sturgell*, 553 U.S. 880, 894 (2008). As Ms. Roberts has admitted, she had an interest in the prior cases in which Mr. Miller was a plaintiff and participated therein. *See* December 14, 2010 Roberts Aff. ¶¶ 1-3, 6-8.

## II.    CONCLUSION.

2

For the reason stated herein, Docket No. 10-674T is dismissed, with prejudice.  The Clerk is further directed to accept no other actions or filing by John DaCosta and Jane Roberts, without an order of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**